## USERY & ASSOCIATES

DAVID R. SHYER, ESQ
Admitted in NY

**MAILING ADDRESS:**
**P.O. BOX 2996**
HARTFORD, CT 06104-2996

TELEPHONE: 917-778-6680
FACSIMILE: 844-571-3789

Direct Dial: 917-778-6324
Email: DSHYER@TRAVELERS.COM

**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2025

September 9, 2025

**VIA ECF**
Hon. Gregory H. Woods, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 2260
New York, NY 10007

Re: *Ohio Security Insurance Company v. Selective Insurance Company of the Southeast and Travelers Casualty Insurance Company of America*;
Docket No.   :   1:24-cv-08088-GHW

Dear Judge Woods,

This office represents defendant Travelers Casualty Insurance Company of America ("Travelers") in the above-referenced matter. I submit this letter jointly with counsel for plaintiff Ohio Security Insurance Company ("Ohio"), pursuant to Rule 2.E(ii) of your Honor's Individual Rules of Practice in Civil Cases and Local Civil Rule 37.2 to request a pre-motion conference regarding a discovery dispute that has arisen between Travelers and Ohio. Travelers seeks an Order, pursuant to Fed. R. Civ. P. 37(c), precluding Ohio from relying on the September 20, 2024, Verified Bill of Particulars ("VBP") that was included in Ohio's August 12, 2025, supplemental document production (the "August 12 Production").

### A.   Background

In this action, Ohio seeks coinsurance contribution from Travelers and defendant Selective Insurance Company of the Southeast ("Selective") for Mountco Construction and Development Corp. ("Mountco"), 10-28 Yonkers, L.P ("10-28"), and School Street Housing Development Fund Corp ("School Street") for an underlying Labor Law action commenced by Gilson Ramos ("Ramos"), Index No. 813750/2021E, in the Supreme Court of the State of New York, County of Bronx (the "Underlying Action").

In the Underlying Action, Ramos seeks damages for bodily injuries allegedly sustained when he fell off a ladder (the "Accident") while working on a construction project (the "Project") at 10 School Street, Yonkers, New York (the "Premises"), in the course of his employment with JAN Construction Services Corp. ("JAN"). Mountco, the Project's general contractor, entered into separate subcontracts with JAN for carpentry work, J&S Mechanical, Inc. ("J&S") for plumbing work, and C. Williams Electrical Construction, Inc. ("Williams") for electrical work. JAN is Ohio's Named Insured; J&S is Travelers' Named Insured; and Williams

*Not a Partnership or Professional Corporation All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates.*

**HARTFORD, CT • NEW YORK, NY • BLUE BELL, PA • GLENDALE, CA • RANCHO CORDOVA, CA
SAN DIEGO, CA • WALNUT CREEK, CA • CHICAGO, IL • DALLAS, TX   HOUSTON, TX**

is Selective's Named Insured. Ohio is defending School Street, 10-28, and Mountco as additional insureds under its policy for the Underlying Action.

Fact discovery in this action closed on May 22, 2025. A pre-motion conference was held on June 5 to discuss all parties' proposed summary judgment motions, after which your Honor set an August 20 deadline for service of moving papers.[1] By email dated August 12, 2025, Ohio's counsel served the August 12 Production, including a VBP dated September 20, 2024, served by Ramos in the Underlying Action, purportedly "in response to the demand of Third Third-party Defendant [J&S]" (the "J&S VBP"). A copy of the August 12 email and the J&S VBP is attached hereto as **Exhibit A**.[2] The Court then granted Travelers' request for a 30-day extension of the briefing schedule to allow it time to investigate the supplemental production. Dkt 33. Travelers' and Ohio's respective positions regarding this discovery dispute, and details of the parties' satisfaction of the "meet and confer" requirements of Fed. R. Civ. P. 37(a)(1), are set forth below.

### B.     **Travelers' Position**

Travelers' position is that Ohio should be precluded from relying on the J&S VBP as evidence on any motion, hearing, or trial because (i) Ohio failed to timely supplement its document production with the J&S VBP, which was neither substantially justified nor harmless, *see* Fed. R. Civ. P. 37(c)(1), 26(e)(1)(A); and (ii) the J&S VBP is not responsive to any Demand in the Underlying Action, and should therefore be considered a nullity.

It is clear from a cursory review of the August 12 Production that Ohio failed to timely disclose the J&S VBP. The first page of the August 12 Production is an internal Ohio email dated October 7, 2024, sent to "ImagingEast," with Ohio's Claim Number of 23980039 in the Subject line, sending "VBOPs" and "Resp.to dem'ds," and is immediately followed by the J&S VBP. Exh. A, OHIO 04232-OHIO 04246.[3] It appears Ohio had the J&S VBP in its custody as of October 7, 2024, nearly three weeks before commencing this lawsuit. However, Ohio failed to timely produce the J&S VBP in its March 2025 document production of nearly 3,000 pages. Instead, Ohio produced it nearly three months after the close of discovery. *See Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79–80 (E.D.N.Y.1996) (Rule 26(e)(2) is designed to facilitate the objective of the Federal Rules of Civil Procedure by "eliminat[ing] surprise").

Ohio's untimely production was neither substantially justified nor harmless. *See Wright v. Aargo Sec. Servs., Inc.*, No. 99 CIV. 9115(CSH), 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001) (burden to is on party who failed to timely disclose). A copy of Ohio's written responses to Travelers' Request for Production, dated March 31, 2025, is attached as **Exhibit B**. Travelers'

---

[1] Travelers and Ohio refer the Court to their respective pre-motion conference letters. Dkt 26-27.

[2] The August 12 email is the last in a chain among all counsel regarding a proposed Joint Statement of Material Facts for the parties' respective summary judgment motions that is four pages long. For ease of reference, only the first page is included.

[3] The email addresses in question end in "libertymutual.com." As set forth in Ohio's Rule 7.1 Statement in this action, Ohio is a subsidiary or affiliate of Liberty Mutual Insurance Company. Dkt. 3.

Request No. 13 sought "[d]ocuments served or filed in the Underlying Action, including but not limited to, bills of particulars. . . ." Ohio responded by stating that it "shall produce the documents in its claims file for the underlying tort action that are responsive to this Demand." Exh. B, pp. 6-7. In fact, Ohio produced four prior Bills of Particulars from the Underlying Action, in response to demands by 10-28, Mountco, School Street, and Williams. Copies of these Bills of Particulars are attached hereto as **Exhibits C, D, E, and F**, respectively. Ohio was obligated to timely supplement its document production with the J&S VBP, therefore its failure to do so was not substantially justified. *AIG Global Asset Management Holdings v. Branch et al.*, No. 04Civ.8803(RMB)(THK), 2005 WL 425494, at *1 (S.D.N.Y. Feb. 18, 2005).

As noted below, it is questionable whether the J&S VBP alleges negligence by J&S. However, if it the J&S VBP is not precluded Travelers will be prejudiced because (i) it would not be allowed any discovery as to when the document was placed in Ohio's files or why Ohio failed to produce it previously; and (ii) it would have to alter its briefing on summary judgment to explain why the J&S VBP should not be a factor in the Court's decision.[4] As such, this Court should preclude Ohio from relying on the J&S VBP. *See A.V.E.L.A., Inc. v. Est. of Monroe*, No. 12 CIV. 4828 KPF JCF, 2014 WL 715540, at *6 (S.D.N.Y. Feb. 24, 2014).

Moreover, the J&S VBP was served in error, as it is not responsive to any demand, and therefore should be considered a nullity and not properly part of the record. The "purpose of a bill of particulars is to amplify pleadings, not add a new theory or cause of action." *Valentine v. 2147 Second Ave. LLC*, 203 A.D.3d 531, 532, 165 N.Y.S.3d 43 (1st Dep't 2022). Ramos alleges no wrongdoing by J&S in his pleadings that can be amplified. Ramos asserts no direct claims against J&S. Ramos only alleges wrongdoing by School Street, 10-28, and Mountco. As the J&S VBP does not amplify any pleadings, it should be deemed a nullity. *See Malerba v. New York City Transit Auth.*, 236 A.D.3d 596, 597, 231 N.Y.S.3d 106, 108 (1st Dep't 2025).

Moreover, J&S did not seek a VBP from Ramos. Attached as **Exhibit G** is J&S's September 9, 2024 Demand for a Verified Bill of Particulars from School Street, 10-28, and Mountco, which was filed on the NYSCEF Docket for the Underlying Action.[5] Nevertheless, Ramos served the J&S VBP, purportedly "in response to the demand of [J&S]. . . ." Exh. A, at OHIO 04234. To add confusion, Ramos refers to J&S as "Third Third-party Defendant," but only alleges negligence or wrongdoing by "defendant." Exh. A, ¶¶ 11-13. Moreover, Ramos does not respond to any of J&S's numbered demands by number. *Compare* Exhs. A, G.[6] As such, the only possible function this document can serve is to confuse the facts on summary judgment.

Accordingly, Ohio should be precluded by relying on the J&S VBP.

---

[4] Travelers' position, as set forth in its pre-motion conference letter regarding summary judgment, is that "nothing in the four corners of Ramos's Complaint or Bills of Particulars raises a possibility that J&S was a proximate cause of the Accident," which is a condition precedent to coverage for 10-28, School Street, and Mountco as additional insureds under Travelers' policy. Dkt. 26, p. 2.

[5] See https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=pPN8Km60y45SKKbd12wNcA==

[6] It is Travelers' understanding that J&S's counsel is attempting to have Ramos withdraw the J&S VBP for these reasons.

Hon. Gregory H. Woods, U.S.D.J.
May 29, 2025
Page 4

### C. Ohio's Position

The failure to previously produce the J&A VBP was due to an unwilful mistake, and the delay in production has not prejudiced Travelers. If, however, Travelers deems it necessary, this Court may reopen discovery for the limited purpose of further discovery arising from the J&A VBP. Travelers other arguments, regarding the value of the J&A VBP goes to merit issues not appropriately raised on this discovery application. Travelers may raise the weight of the J&A VBP as evidence in opposition to a motion for summary judgement or at trial.

Ohio's counsel received the claims file for the Underlying Action on or about August 27, 2024 for use in this case. The J&S VBP was subsequently received by Ohio on October 7, 2024. As such, when the undersigned produced the responsive documents from the claims file, the J&S VBP was mistakenly not included. As soon as we learned of this mistake, we produced it. Our office obtained a copy of the J&S VBP on August 12, 2025, and we produced it that same day.

Ohio's counsel was not aware that the J&S VBP was served in the Underlying Action. Upon review of the document productions of the parties in this matter in preparation of Ohio's summary judgment motion, it appeared that Ramos served a VBP to every party in the Underlying Action except for J&S, even though J&S served discovery demands in the Underlying Action.

Upon realizing there did not appear to be a VBP for J&S in the Underlying Action, Ohio's counsel performed a diligent search to see if such a VBP did exist. Ohio's counsel contacted the claims adjuster that is handling the claim in the Underlying Action to see if a VBP was served on J&S from Ramos. As it turned out, the J&S VBP was served in the Underlying Action two months after Ohio's counsel received Ohio's claim file. To allow Travelers and Selective the opportunity to review the new production, Ohio consented to the adjournment of the deadline to file the summary judgment motions in this matter, thereby allowing Travelers and Selective to thoroughly review the August 12 Production.

Upon information and belief, Travelers is providing a defense to J&S in the Underlying Action, and Travelers is controlling J&S's defense of J&S in the Underlying Action. The J&S VBP was served on J&S's counsel in the Underlying Action. As such, Travelers had equal access to the J&S VPB as Ohio. Yet, Travelers did not produce the J&S VBP either, even though it was in its possession, custody, control.

"It is well settled that preclusion is not a mandatory sanction, and is a harsh remedy that should be imposed only in rare situations. Kleeberg v. Eber, No. 16CV9517LAKKHP, 2020 WL 4586904, at *14 (S.D.N.Y. Aug. 10, 2020), on reconsideration in part, No. 16CV9517LAKKHP, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021). "In determining whether preclusion is an appropriate sanction, courts consider: '(1) the reasons for the delay in providing the evidence; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance.'" Sportvision, Inc. v. MLB Advanced Media, LP, No. 18CV03025PGGVF, 2023 WL 6633556, at *3 (S.D.N.Y. Oct. 12, 2023) (quoting Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011)). "'Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes,

and must consider less drastic responses.'" Sportvision, No. 18CV03025PGGVF, 2023 WL 6633556, at *3 (quoting Cedar, 769 F. Supp. 2d at 278).

In addressing these elements, preclusion is not warranted. First, as discussed above, Ohio's delayed production of the J&S VBP was a simple inadvertent error. Second, the J&S VBP is important to the case at hand because Travelers' duty to defend hinges on whether a claim exists in the Underlying Action that J&S was a proximate cause of the accident suffered by Ramos. The J&S VBP establishes that fact. Third, Travelers does not face any prejudice. The duty to defend issue here rest on whether there is a claim in the Underlying Action for injury proximately caused by J&S. It is irrelevant whether J&S was actually the proximate cause, and it is irrelevant whether evidence contrary to the J&S VBP exists. "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." High Point Design, LLC v. LM Ins. Corp., 911 F.3d 89, 95 (2d Cir. 2018)(citation and quotation omitted). The duty to indemnify is based on the actual facts; the J&S VBP admittedly does not bear on the duty to indemnify. Moreover, Travelers is not prejudiced because it was, or should have been, aware that the J&S VBP was served in the Underlying Action because its appointed defense counsel received it when it was first served. Travelers' arguments about the merits of the J&S VBP and its lack of value, if anything, establishes that Travelers does not believe the belated production is prejudicial. Fourth, there is a strong possibility for a continuance. There is no trial date. Summary judgment motions in this case have not even begun to be briefed yet, and Ohio even gave Travelers and Selective a continuance in order to review the J&S VBP. Ohio consents to give Travelers another continuance in order to allow Travelers to conduct whatever additional discovery its seeks as a result of the J&S VBP. Of note, Travelers does not identify what additional discovery, if any, is required. Travelers could go to its own appointed defense counsel in the Underlying Action to make sure it has produced and has received all documents served and filed in the Underlying Action. As this Court has stated, "before resorting to the drastic remedy of preclusion, [this] court should consider the feasibility of a lesser remedy." Sportvision, No. 18CV03025PGGVF, 2023 WL 6633556, at *4. A continuance is very feasible given that this case is less than a year old and summary judgment motions have not even begun to be briefed. Id.

The cases cited to by Travelers are inapposite. In Loral Fairchild Corp. v. Victor Co. of Japan, 911 F. Supp. 76 (E.D.N.Y. 1996), the plaintiff produced supplemental discovery responses that changed its theory of liability in the matter. Additionally, the Court previously cautioned the plaintiff regarding its inadequate discovery responses. Those facts do not exist here. In Wright v. Aargo Sec. Servs., Inc., No. 99 CIV. 9115(CSH), 2001 WL 1035139 (S.D.N.Y. Sept. 7, 2001), AIG Glob. Asset Mgmt. Holdings Corp. v. Branch, No. 04CIV.8803RMBTHK, 2005 WL 425494 (S.D.N.Y. Feb. 18, 2005), and A.V.E.L.A., Inc. v. Est. of Monroe, No. 12 CIV. 4828 KPF JCF, 2014 WL 715540 (S.D.N.Y. Feb. 24, 2014), adhered to on reconsideration, No. 12 CIV. 4828 KPF JCF, 2014 WL 1408488 (S.D.N.Y. Apr. 11, 2014), this Court did not grant preclusion. These cases support Ohio's position.

### D.   Meet and Confer

Travelers and Ohio have satisfied the "meet and confer requirements" of Fed. R. Civ. P. 37(a)(1). On September 4, 2025 at 3:54 p.m., after Travelers completed its investigation, the

undersigned counsel spoke by telephone regarding this dispute. The call lasted 12 minutes and 31 seconds, after which counsel recognized that they are at an impasse and cannot resolve this issue.

      For these reasons, Travelers and Ohio respectfully request that the Court schedule a pre-motion conference regarding this discovery dispute.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| David R. Shyer | Marshall T. Potashner |

cc: All counsel of record (via ECF)

Application granted. The Court will hold a status conference with respect to this matter by telephone on September 17, 2025 at 3:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules.

SO ORDERED.
Dated: September 10, 2025
New York, New York

                              GREGORY H. WOODS
                             United States District Judge